IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>　　　　　　　Respondent. | 8:20CV68<br><br>**MEMORANDUM AND ORDER** |

This matter is before me on initial review of Petitioner Yohan Webb's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 which I construe as a § 2241 petition since the Petitioner has not been convicted.[1] Filing no. 1. For the reasons discussed below, I will dismiss the petition without prejudice.

## *Background*

I have previously dealt with this matter. I dismissed that prior matter without prejudice and do the same here for essentially the same reason. *See* 4:19CV476.

Petitioner is charged with three misdemeanors, and they are (1) false imprisonment-2nd degree; (2) commit child abuse negligently/no injury; and (3) disturbing the peace.[2] The state judge has considered whether there is probable cause

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a § 2241 action.

[2] I take judicial notice of state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the *Justice* site.

to believe the Petitioner committed the crimes charged, and he determined that probable cause existed. Various bond review hearings were held, and Petitioner's bond was eventually reduced from $15,000 to $5,000 with release upon the deposit of 10% percent of that amount. Petitioner did not make bond.

On August 9, 2019, and as the matter was approaching trial, Petitioner's public defender filed a motion for a competency determination. On August 12, 2019, a psychiatrist was appointed to examine the Petitioner. Subsequently, Petitioner was determined mentally incompetent but that there was a substantial probability that Petitioner would become competent within the foreseeable future. That order was entered on September 5, 2019, after a hearing where Petitioner was represented by counsel. The decision was based upon a four-page evaluation by the appointed psychiatrist.

Since then, the Petitioner has refused to take any medications prescribed by the doctor that would render him competent. The presiding judge has refused to order the involuntary administration of the drugs at this time in the hopes that the doctors will be able to convince the Petitioner that it is in his best interest to accept the medication. A competency review hearing was held on January 20, 2020. Apparently, nothing had changed. So, the judge scheduled another competency review hearing for June 1, 2020.

In this case, Petitioner makes various claims. Summarized and condensed, Petitioner asserts that the judge is biased against Petitioner, that Petitioner is entitled to release, that Petitioner is being discriminated against, that Petitioner is being denied due process, that Petitioner's counsel is ineffective, that Petitioner is being punished without a trial, and that Petitioner has been denied a speedy trial. He rests his claims on the Fifth, Eighth and Fourteenth Amendments to the Constitution.

## *Analysis*

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to

adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999). In other words, § 2241 relief for a state pretrial detainee is not available unless a petitioner demonstrates that (1) he or she has exhausted available state judicial remedies, and (2) special circumstances warrant federal intervention. *See, e.g.*, *Davis v. Mueller*, 643 F.2d 521, 525 (8th Cir.1981) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions").

In this routine case, Petitioner has failed to show that exhaustion of state court remedies has taken place or that such remedies are unavailable. Additionally, and perhaps even more critically, Petitioner has failed to show that special circumstances exist that would warrant federal intervention. Therefore, the petition will be dismissed without prejudice.

*No Certificate of Appealability*

Although Petitioner essentially seeks relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of *the Rules Governing Section 2254 Cases in the United States District Courts*. *See also Hoffler v. Bezi*, 726 F.3d

144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus, Filing no. 1, is dismissed without prejudice. The motion for appointment of counsel, Filing no. 3, is denied. No certificate of appealability has been or will be issued. A judgment will be entered by separate document.

Dated this 27th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge